J-S46016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: H.M., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.C., FATHER | : : : : : : : | |
| | : | No. 37 EDA 2018 |

Appeal from the Order Entered December 4, 2017
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s):  CP-51-DP-0040041-2004

BEFORE:  BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED SEPTEMBER 06, 2018**

Appellant, J.C. ("Father"), appeals from the December 4, 2017 order, in the context of a dependency proceeding, finding him to be a perpetrator of child abuse against his son, H.M., born in August of 2001.[1]  After careful review, we affirm.

The record reveals that H.M. was adjudicated dependent on January 24, 2012.  In 2016, H.M. reported that he had been raped by Father when he was approximately four years old.  Child Protective Services Report, 11/1/17, at 4.  Following an investigation, the Philadelphia Department of Human Services ("DHS") determined that H.M.'s report of sexual abuse was "indicated" pursuant to 23 Pa.C.S. § 6303, and Father was the perpetrator.  DHS moved

---

[1] A finding of child abuse in the context of a dependency proceeding can be appealed to the Superior Court.  ***In re L.Z.***, 111 A.3d 1164, 1177 (Pa. 2015).

to amend H.M.'s dependency status to include a finding of child abuse as one of the bases for dependency. Motion, 11/3/17.

The trial court held a hearing on this matter on December 4, 2017. At the hearing, H.M. was represented by counsel and had a child advocate present. N.T., 12/4/17, at 2-3. H.M.'s child advocate requested that the court allow H.M. to testify in chambers outside of Father's presence due to concerns that testifying in front of Father would re-traumatize H.M. *Id.* at 4-6. Father's counsel objected at first, but the trial court informed Father's counsel that he was permitted to be in chambers and have the opportunity to observe H.M.'s testimony and cross-examine H.M., and Father's counsel responded, "okay." *Id.* at 6-8. Additionally, H.M.'s testimony would be broadcast live into the courtroom for Father to hear, and Father's counsel would be permitted to consult with Father during cross-examination. *Id.*

After the hearing, the trial court ordered that legal custody of H.M. would remain with DHS and physical custody of H.M. would remain at a residential facility through Woods Services. Order, 12/4/17, at 2. The trial court also held that H.M. was a victim of child abuse as defined in 23 Pa.C.S. § 6303, because the trial court concluded that the Child Protective Services report of Father sexually abusing H.M. was founded under 23 Pa.C.S. § 6303. *Id.*

Father filed a timely appeal on December 15, 2017. Both Father and the trial court complied with Pa.R.A.P. 1925.

On appeal, Father presents the following issues for this Court's consideration:

> 1. Did the judge rule in error that the Philadelphia City Solicitor's Office met its burden of proof that there was a finding of child abuse against [F]ather?
>
> 2. Did the trial court err by allowing [H.M.] to testify without [F]ather present w[h]ere there was no observation of questioning as required by the law and where he was not able to hear half of the testimony?

Father's Brief at 5, 6 (full capitalization omitted).

Our standard of review in dependency cases is as follows: we accept the trial court's factual findings that are supported by the record, and we defer to the trial court's credibility determinations. *In re R.P.*, 957 A.2d 1205, 1211 (Pa. Super. 2008). We accord great weight to this function of the trial court because it is in the position to observe and rule upon the credibility of the witnesses and the parties who appear before it. *Id.* This Court will not disturb the trial court's findings if they are supported by competent evidence. *Id.*

Father first avers that the Philadelphia City Solicitor's Office, as counsel for DHS, failed to meet its burden of proof with respect to the trial court's finding of child abuse. Specifically, Father assails H.M.'s credibility and argues that H.M. made a prior inconsistent statement regarding the sexual abuse and claims that H.M. has cognitive issues. Father's Brief at 5-6.

The requirements necessary to support a finding of child abuse are as follows:

In [***In re L.Z.***, 111 A.3d 1164, 1174 (Pa. 2015)], the Supreme Court discussed the requirements to prove the two issues in a child abuse case. A petitioning party must demonstrate the existence of child abuse by the clear and convincing evidence standard, but if the court finds that abuse occurred, the identity of the abuser need only be established through *prima facie* evidence in certain situations. ***Id.***

***In Interest of J.M.***, 166 A.3d 408, 422 (Pa. Super. 2017) (internal quotation marks omitted). Child abuse is defined, in relevant part, as follows:

**(b.1) Child abuse.--**The term "child abuse" shall mean intentionally, knowingly or recklessly doing any of the following:

\* \* \*

(4) Causing sexual abuse or exploitation of a child through any act or failure to act.

23 Pa.C.S. § 6303(b.1)(4).

At the hearing on December 4, 2017, H.M. testified that when he was four or five years old, Father raped him. N.T., 12/4/17, at 13. H.M. stated that Father placed his "private part" inside H.M.'s "behind." ***Id.*** at 15. The child informed his grandmother, but he claimed that she did not believe H.M. was being truthful. ***Id.*** at 16. On cross-examination, H.M. admitted that at one point, he denied that Father had assaulted him. ***Id.*** at 19. However, H.M. said that when he learned that other people have been subjected to similar abuse and that he was not alone in being a victim, this prompted him to retract his recantation. ***Id.*** Additionally, Father's counsel stipulated to the admissibility and authenticity of the DHS report and an interview with H.M.

*Id.* at 22-23.  These documents identified Father as the perpetrator of the abuse.  *Id.*

We reiterate that we defer to the trial court's credibility determinations. *In re R.P.*, 957 A.2d at 1211.  Here, the trial court found as follows:

The [c]ourt found H.M.'s testimony credible. (N.T. 12/4/17, pg. 27) The [c]ourt expressed [its] initial concern with H.M.'s prior inconsistent statement. (N.T. 12/4/17, pgs. 26-27) The [c]ourt reasoned H.M.'s reluctancy was due to unaddressed disclosure of the incident to Paternal Grandmother and failure of a support system. (N.T. 12/4/17, pg. 28) Furthermore, the [c]ourt reasoned H.M. was empowered to revisit the abuse disclosure through therapeutic sessions and interventions. (N.T. 12/4/17, pg. 27) The [c]ourt concluded with clear and convincing evidence that H.M. did experience sexual abuse by his Father. (N.T. 12/4/7, pg. 28) The [c]ourt ordered that the DHS report be marked "founded". (N.T. 12/4/17, pg. 28)

The [c]ourt found DHS met [its] burden of proof providing sufficient clear and convincing evidence to provide a basis for a finding of child abuse in this case pursuant to Child Protective Services Law, 23 Pa. C.S. 6302(b.1)(4).

Trial Court Opinion, 5/2/18, at 5.

After review, we discern no error in the trial court's conclusion that DHS established that Father committed child abuse by clear and convincing evidence.  H.M. testified in detail about the abuse perpetrated upon him by Father, and the trial court found H.M.'s testimony to be credible.  Trial Court Opinion, 5/2/18, at 5.  We conclude that Father is entitled to no relief on this issue.

In his second issue, Father asserts that the trial court erred when it permitted H.M. to testify in chambers outside of Father's presence.  Father's

Brief at 6. Father alleges that the *in camera* testimony prevented Father from observing H.M. testify, and he further claims that he was unable to hear "half" of the testimony. *Id.*

As set forth above, when the trial court allowed H.M. to testify *in camera*, Father's counsel initially objected. N.T., 12/4/17, at 6. However, the trial court did not rule on this objection; rather, the trial court informed counsel that he would be permitted to be in chambers, observe the proceedings, cross-examine H.M., and confer with Father. *Id.* at 6-7. When the trial court apprised counsel of these measures, counsel responded by saying, "okay." *Id.* at 7. The trial court never made any ruling on Father's objection, and therefore, there is no ruling for this Court to review. *Stapas v. Giant Eagle, Inc.*, 153 A.3d 353, 369 (Pa. Super. 2016). Moreover, Father never renewed the objection or sought a ruling on the initial objection; accordingly, we conclude that this issue is waived. *See Keffer v. Bob Nolan's Auto Service, Inc.*, 59 A.3d 621, 657-658 (Pa. Super. 2012) ("When the trial court overlooks or fails to rule on an issue, the party seeking the court's ruling must remind the court that it has not ruled and obtain a definitive ruling on the issue. Failing to do so results in the waiver of the issue not ruled upon.").

For the reasons set forth above, we conclude that Father is entitled to no relief on appeal. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/6/18